Decree accordingly.

THE MARITIME BANK OF BANGOR *vs.* RICHARD RAND & SON.

A writ against "R. P., doing business under the name and firm of R. R. & Son," is not a writ against a copartnership, but against R. P. only, and can not be amended by inserting the names of A and B and C as copartners with R. P.

THIS was an action on a bill of exchange.

On the 7th day of December, 1854, the Maritime Bank of Bangor prayed out a writ of attachment against Robert P. Rand, doing business under the name and firm of " Richard Rand & Son." Said writ was served by the attachment of real and personal estate, and by leaving a copy with Robert P. Rand. At the term of the superior court for the county of Middlesex, holden in March, 1855, to which the writ was duly returned, the plaintiffs moved to amend said writ, alleging in their motion, that, " having been informed since the bringing of the suit, that besides Robert P. Rand, who was served with the process thereon, Sarah W. Rand, Rebecca

G. Rand, and George Rand, of Middletown, Richard M. Rand, of Waterbury, and Charles S. Rand, now or lately of said Middletown, were at the time of the making of the several promises declared on by the plaintiff, secret, or dormant partners in the firm of Richard Rand & Son, and liable as such in said suit, they moved, in pursuance of the statute, in such case provided, within the first three days of the present term of the court, to which said suit was brought, to amend their writ, by inserting the names of the said several persons, as parties defendant in said suit."

This amendment, being objected to by the defendant, the question of its allowance was reserved for the advice of this court.

*Baldwin* and *Cowdry*, in support of the motion.

1. It being assumed, for the purpose of this motion, that the persons, whose names are proposed to be added, were in fact dormant partners of the firm of Richard Rand & Son, it was not necessary that their names should have been inserted in the writ, in order to constitute a valid attachment of the property under his control. Dormant, or secret partners, need never be made a party to the suit, either plaintiff or defendant, because they are supposed to be unknown to the dealers with the firm.

They may be made parties, because, though unknown, they share in the profits, and therefore may justly be made liable, when discovered, to the responsibilities of the firm.

The present suit was, of necessity, instituted against " Robert P. Rand, doing business under the name and firm of Richard Rand & Son." Had the suit been in form against " Richard Rand & Son," Richard Rand being dead, and service made only upon the son, it would have been in effect the same. The suit is commenced by the service, and of course, only against those upon whom the service is made. In either case, the property of the concern, under the control of the party using the name, and served with the process,

would have been duly attached, and holden to respond to the judgment they may recover, whether the amendment be made or not.

2. It is objected, by the defendant's counsel, that the suit was not " brought against a copartnership, by the copartnership name alone," within the meaning of the statute, but against " Robert P. Rand, doing business under the name and firm of Richard Rand & Son," and therefore that the amendment is not allowable.

The plaintiffs, on the other hand, claim that the amendment is clearly within the spirit and equity of the statutes of amendments, as well as the general statute. Rev. Stat., p. 85. Act of 1837, pp. 66, 77.

The action, as originally brought, was substantially an action against all, whose interests were represented by the name of " Richard Rand & Son," whose property was attached, though service was made only on the ostensible and acting partner, the others participating in the profits as dormant partners, being then unknown to the plaintiffs.

The amendment is only important to hold them individually as partners, as well as jointly by their property.

It is no more the introduction of a new party, than if the writ had commanded the officer to attach the goods, or estate, of " Richard Rand & Son, of which firm Robert P. Rand is a member, and manager of its business," and service made as in the present case. *The Phelps Manufacturing Co.* v. *Steiger Enz & Co.*, 19 Conn. R., 58.

In the case reported, 19 Conn. R., 58, the company name was erroneously given as above. The writ was served on Enz alone; and as a suit is commenced by the service of the writ, it was then, in strictness, a suit against Enz alone; as much so, as this suit can be regarded as a suit against Robert P. Rand alone.

The act of 1737, (Stat., p. 77,) sec. 78, contemplates a case where the writ is against one or more persons, under a part-

nership name, which in fact includes persons unknown to the plaintiff.

An amendment, inserting the names of dormant partners, can not injure the party served with the original process. The recovery will be against such of the defendants as are proved to be partners. Nor can the introduction of their names be justly complained of by the secret or dormant partners, who have rendered it necessary, by withholding their names from the knowledge of the public, and from the plaintiff, while sharing, with the managing partner, the profits of the concern. They have all shared in the benefit of the plaintiff's money, for which the acceptance of Richard Rand & Son was given.

3. Independently of the statute of 1837, it is competent to the court, as was clearly intimated in the opinion given, 19 Conn. R., 59, to accomplish the same object, in analogous cases, by rule of court. The court has power, by express statute provision, " to make such rules of practice, as shall be deemed most conducive to the administration of justice."

The motion, in the present case, is believed to be within the equity of this provision, as well as within that of the statutes of amendment.

*Tyler* and *Spencer,* contra.

1. The proposed amendment is inadmissible, because it introduces new parties. The object of the statute, authorizing amendments by inserting the names of partners, (stat. 1854, tit. 1, ch. 4, § 51,) is not to enable the plaintiff to bring in new defendants, but only to particularize those who had already been sued, under the general name of the firm. To authorize such amendment, a copartnership must be sued; it must be sued as a copartnership, and so sued that, if there is, in fact, a copartnership, the interest of all the partners in the partnership property may lawfully be attached.

But, in this case, the suit was not brought against a copartnership, either expressly or impliedly. It is against

" Robert P. Rand, doing business under the name and firm of Richard Rand & Son." These words expressly exclude every one except the individual Robert P. Rand. The officer is directed to attach his property, and summon him to appear, and under it, if there was actually such a partnership as is now claimed, the interest of the other co-partners in the partnership property could not have been touched by the attachment.

2. The plaintiffs, at the time of bringing the suit, did not intend to sue a copartnership.

In the motion to amend, the plaintiffs say that since the bringing of the suit, they have been informed that the other persons were secret or dormant partners. Having therefore intended to sue, and having in fact sued, an individual, they can not, upon subsequent information, be permitted to call their suit, a suit against a copartnership, in order to get the benefit of this amendment.

HINMAN, J. The plaintiffs, in the superior court, within the first three days of the term to which their writ was returned, having been informed, since the commencement of their suit, that, besides the defendant, who was served with the process, Sarah W. Rand, Rebecca G. Rand, and George Rand, of Middletown, Richard M. Rand, of Waterbury, and Charles S. Rand, late of said Middletown, were, at the time of the making of the promises declared on by the plaintiffs, secret, or dormant, partners with the defendant, and liable, as such, in this suit, moved to amend their writ by inserting therein the names of these persons as parties defendant in the suit; and whether this motion should be allowed was reserved for the advice of this court.

In the case of *Peck* v. *Sill*, 3 Conn. R., 157, it was decided that the statute of amendments did not authorize an alteration which varies the ground of action, and introduces a new party on the record; and that a writ could not be amended by erasing the name of one of the defendants. The statute,

under which this decision was made, was the same in substance as our present statute, ed. 1854, p. 85, § 102; and the reason of the decision was, that such an amendment changes the ground of the action, by changing the parties, which is contrary to the express words of the statute. A debt, due from two or more, has no identity with a debt due from one, for the reason that the parties are different.

Can, then, this amendment be allowed, under the act of 1837, in relation to suits for, or against, a copartnership? Stat. p. 66, § 51. Courts, in modern times, are very liberal in regard to amendments, but we think this application does not come within the letter or spirit of this act. This was never a suit against a copartnership, and was not intended as such. It is simply a suit against Robert P. Rand. The fact, that he is described as doing business under the name and firm of Richard Rand & Son, makes no difference. The officer was directed to summon Robert P. Rand alone, and there is no intimation that any one is in partnership with him. Where a copartnership is sued by its company name, and the names of the members of it are afterward inserted in the writ, there is no change of parties. Before this is done, the members are all represented and included in the company name, and adding their individual names, is only pointing them out more specifically. But this application is to change a suit against one to a suit against several. This can no more be done under the act of 1837, than it could be under the statute as it existed when the decision of *Peck* v. *Sill* was made. We therefore advise the superior court to disallow the motion.

In this opinion the other Judges WAITE and STORRS concurred.

Motion disallowed.